UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLORIBERTO MENDOZA,

                    Petitioner,                    Case No. 2:17-cv-10011
                                                   Hon. Arthur J. Tarnow
v.

SHIRLEE HARRY,

                    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING
PERMISSION TO APPEAL IN FORMA PAUPERIS**

     Petitioner Floriberto Mendoza filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pled guilty in the Tuscola County Circuit Court to one count of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d, and one count of fourth-degree criminal sexual conduct. Mich. Comp. Laws § 750.520e. These convictions resulted in a controlling sentence of 51 months to 15 years for the third-degree conviction, and a concurrent term of 322 days for the fourth-degree conviction.

     The petition raises one claim: Petitioner's sentencing guidelines were scored on the basis of inaccurate information and in violation of due process. The Court will deny the petition because the claim is without merit. The Court will also deny Petitioner a certificate of appealability, but it will grant him permission to proceed on appeal in forma pauperis.

I. Background

Petitioner was originally charged with over a dozen criminal counts stemming from acts of sexual misconduct he had with his nineteen-year-old niece. The victim came from Texas to stay with Petitioner's family and watch the children at Petitioner's house while the adults worked in the fields. According to the victim, Petitioner would return to the house during the workday and had unwanted sexual contact with her while she was alone in the house with the children.

Petitioner pled guilty to one count of third-degree criminal sexual conduct and one count of fourth-degree criminal sexual conduct, and in exchange the prosecutor dismissed the other counts and agreed that Petitioner's minimum sentence would not exceed 57 months. Dkt. 10-2, at 15; Dkt. 10-4.

Prior to sentencing, Petitioner's trial counsel filed a brief challenging some of the contents of the presentencing information report. Dkt. 10-5. In pertinent part, Petitioner asserts that the report erroneously scored 15 points for offense variable 10 ("OV 10"), which concerned predatory conduct. Id., at 3. The prosecutor filed a responsive brief asserting that the sentencing guidelines had been a negotiated part of the plea agreement. Dkt. 10-6, at 2. The prosecutor also argued that the 15 points were properly scored for OV 10:

> [T]he victim was residing in a residence apart from other family members who remained in Texas. The victim was a primary caregiver to a number of minor children and frequently isolated from other adults. The defendant repeatedly returned home to the residence while other adults were absent and engaged in the acts that constituted the crimes alleged in this case. The victim had no readily available means to remove herself from the environment in which she was living. The

2

defendant manipulated the dynamic of the living arrangements and exploited the victim for selfish and unethical purposes.

Id.

At the sentencing hearing, defense counsel indicated that OV 10 should be scored zero points because the count of third-degree criminal sexual conduct that Petitioner plead guilty to involved a consensual encounter. Dkt. 10-7, at 6-7. The trial court rejected Petitioner's challenge:

> So as to Offense Variable Number 10, the objection brought by the defendant to the scoring at 15 points, the Court finds that there is a preponderance of the evidence contained in the report which would justify the scoring of 15 points for predatory conduct which is delineated in the Agent's Description of the Offense including that the victim was the primary caregiver to the minor children in the home, was isolated from the other adults and was returned to the home by the defendant during these time periods when the conduct occurred. Those are more specifically set forth in the Agent's Description of the Offense, and the Court finds that there's a preponderance of the evidence to justify the scoring at 15 points.

Id., at 8.

Following his conviction and sentence, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> I. Defendant was sentenced on the basis of inaccurate information and in violation of due process where offense variable 10 was incorrectly scored and he is entitled to resentencing to correct the error.

The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *People v. Mendoza*, No. 331297 (Mich. Ct. App. March 11, 2016). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same claim as he raised in the Michigan

Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed. *People v. Mendoza*, 883 N.W.2d 763 (Mich. 2016)(table).

## II. Standard of Review

This habeas petition is reviewed under the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Under AEDPA, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state-court proceeding unless the state adjudication of the claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520

(2003) (quoting *Williams*, 529 U.S. at 413). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

To obtain relief under § 2254(d)(2), a petitioner must show an unreasonable determination of fact and that the resulting state court decision was "based on" that unreasonable determination. *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2012).

### III. Discussion

Petitioner claims that his due process rights were violated when the trial court relied upon inaccurate information in scoring his sentencing guidelines. Respondent contends that the claim does not present a cognizable question on federal habeas review. Petitioner raised this claim on direct appeal in the state courts. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court denied leave to appeal in a standard order. The

state court decisions are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

As a general matter, a sentence imposed within statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Petitioner's sentence was within the statutory maximum. see Mich. Comp. Laws § 750.520d(2).

To the extent Petitioner is simply alleging that the trial court incorrectly scored OV 10 because it misinterpreted the requirements of state law on how that sentencing factor is to be scored, Respondent is correct that the argument does not raise a cognizable question. The scoring of the offense variables under a given set of facts is a matter of state law. See *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only."); see also *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in scoring the offense variables and determining the guideline range does not merit federal habeas review because state courts are the final arbiters of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Petitioner also asserts, however, that his sentence violates federal due process because the trial court relied upon inaccurate information in scoring the guidelines. A sentence may violate due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant

had no opportunity to correct. *Townsend*, 334 U.S. at 741; see also *United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v. Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner has made no such showing. The record reveals that prior to sentencing Petitioner's counsel filed a brief contesting that the information contained in the presentencing information report justified scoring 15 points for OV 10. The prosecutor filed a responsive brief, and the trial court entertained argument and afforded an opportunity for Petitioner to contest the contents of the presentencing information report at the sentencing hearing. Petitioner also presented his sentencing issues to the state appellate courts and was denied relief. Petitioner therefore fails to establish that the trial court relied upon materially false or inaccurate information in imposing his sentences which he had no opportunity to correct. No due process violation occurred, and Petitioner has failed to demonstrate entitlement to habeas relief on his sole claim.

IV. Conclusion

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. ' 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. ' 2253(c)(2). When a court

rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing ' 2254 Cases, Rule 11(a), 28 U.S.C. foll.' 2254.

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right with respect to his claim. A reasonable jurists would not debate whether the Court correctly denied relief. Accordingly, a certificate of appealability will be denied.

The Court will, however, grant Petitioner permission to proceed on appeal in forma pauperis because an appeal could be taken in good faith. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002); 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).

## V. Order

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that Petitioner may proceed in forma pauperis on appeal.


                    <u>s/Arthur J. Tarnow</u>
                    Arthur J. Tarnow
                    Senior United States District Judge

Dated: June 29, 2017